UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD E. FISHER, # 273569,

        Petitioner,        Case Number: 2:20-CV-11064
                                    HON. GEORGE CARAM STEEH
  v.

WILLIS CHAPMAN,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE
AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

Michigan prisoner Richard E. Fisher has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) He is presently incarcerated at the Thumb Correctional Facility, serving a non-parolable life sentence for first-degree murder, Mich. Comp. Laws § 750.316. *People v. Fisher*, No. 217558, 2001 WL 8665313 (Mich. Ct. App. July 31, 2001). Petitioner does not challenge the constitutionality of his murder conviction. Instead, he argues that his continued confinement violates the Fifth and Eighth Amendments because the risk of contracting Covid-19 in the prison setting is particularly high. The Court dismisses the petition without

-1-

prejudice, denies a certificate of appealability, and grants leave to proceed in forma pauperis on appeal.

## II. Discussion

After the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id., Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). The claims must be "fairly presented" to the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). A

prisoner fairly presents his claims by asserting the factual and legal bases for the claims in the state courts, *id.*, and by raising them as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner does not satisfy his burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Petitioner has at least one available procedure by which to raise the issues presented in his pleadings. For example, he may file a state habeas petition because he seeks a determination on the legality of his continued confinement. *See Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). He may also seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cty. Prosecutor v. Kent Cty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of

prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). *See also Hurst v. Rewerts*, No. 1:20-cv-680, 2020 WL 5200888, at *4 (W.D. Mich. Sept. 1, 2020) (dismissing petition on exhaustion grounds, noting that relief may be available to petitioner by way of a habeas corpus petition or civil action filed in the state court). Finally, Michigan courts have shown a willingness to consider the Covid-19 pandemic and the need to mitigate the virus's spread when making pretrial and post-conviction confinement decisions. *See People v. Chandler*, 941 N.W.2d 920 (Mich. 2020) (holding that courts must consider "the public health factors arising out of the present public health emergency to mitigate the spread of COVID-19" when making pretrial detention decisions); *People v. Calloway*, No. 349870, 2020 WL 4382790, at *4 (Mich. Ct. App. July 30, 2020) (holding that the requirement set forth in *Chandler* applies to convicted prisoners).

The Court notes that a petitioner's failure to exhaust state court remedies may be excused if "there is an absence of State corrective process" or if "circumstances exist that render such process ineffective" to protect his or her rights. 28 U.S.C. § 2254(b)(1)(B). Petitioner argues that the exhaustion requirement should be excused given the "emergency

nature of the COVID-19 crisis." (ECF No. 1, PageID.12.) The Court recognizes the devastating impact the Covid-19 pandemic has had, including delaying some federal and state court proceedings, but there is no indication that the pandemic has rendered the state court system unable provide Petitioner relief. *See, e.g., Money v. Pritzker*, 2020 WL 1820660, *21 (N.D. Ill. April 10, 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]"). While Petitioner states that he tested positive for the virus in May 2020, he does not allege facts showing that the prison failed to treat him, that his medical needs were (or are) not being met, or that alternative incarceration or release from custody is necessary at this time.

Petitioner has not shown that relief for his claims is unavailable to him in the Michigan courts. The petition, therefore, will be dismissed for failure to satisfy the exhaustion requirement.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner did not exhaust available state court remedies before seeking federal habeas

review. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **GRANTS** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal can be taken in good faith. *See* Fed. R. App. P. 24(a).

**SO ORDERED**.

Dated: January 27, 2021

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 27, 2021, by electronic and/or ordinary mail and also on Richard E. Fisher #273569, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446.

s/Brianna Sauve
Deputy Clerk